IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| **LARRY BOOTH BARLAR,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **CASE NO. 1:10-00039** |
| | ) | **JUDGE TRAUGER/KNOWLES** |
| | ) | |
| | ) | **JURY DEMANDED** |
| **MARSHALL COUNTY BOARD OF** | ) | |
| **EDUCATION and STAN CURTIS,** | ) | |
| Individually and in his capacity as | ) | |
| Director of Schools, | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

This matter is before the Court upon Plaintiff's "Motion to Quash Subpoena." Docket No. 27. Plaintiff seeks to quash a subpoena to BellSouth Communications for the production of "full and complete records of outgoing phone calls, income phone calls, text/data usage, and subscriber information for the former personal cell phone number of the Plaintiff." Plaintiff states that he previously "objected to producing these documents that were requested (apparently of him) in written discovery." Plaintiff states that he believes "that any records obtained by the Defendants would be so irrelevant to these proceedings as to render them inadmissible before the Court." *Id.*, p. 2. Plaintiff argues that there has been no allegation that he has acted illegally with regard to his personal cell phone, that he used his personal cell phone improperly during work hours, or that his personal cell phone usage has any part in the allegations he has made against Defendants. *Id.*

Defendants have filed a Response in Opposition to the Motion. Docket No. 29.

Local Rule 37.01(b)(3) provides in relevant part:

> Counsel for a party moving to . . . quash a subpoena . . . shall file with the Court, at the time of the filing of the motion, a statement certifying that he has conferred with counsel for the opposing party in a good faith effort to resolve by agreement the issues raised and that counsel have not been able to do so. *No such motion shall be considered by the Court absent compliance with this Rule*.

(Emphasis added.)

As one Court has stated:

> This prerequisite [of a good faith certificate] is not an empty formality. On the contrary, it has been the Court's experience that obliging attorneys to certify to the Court that they conferred in good faith results, in a large number of cases, in resolution of the discovery disputes by counsel without intervention of the Court. . . . [B]oth attorneys must certify that they conferred on the discovery issues in an attempt to resolve them.

*Ross v. Citifinancial, Inc.*, 203 FRD 239, 240 (S.D. Miss. 2001).

For the foregoing reasons, Plaintiff's "Motion to Quash Subpoena" (Docket No. 27) is DENIED.

IT IS SO ORDERED.

E. Clifton Knowles
United States Magistrate Judge